COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Retired Judge Fitzpatrick[*]


SUE ANN BOWMAN

                                                        MEMORANDUM OPINION[**]
v.      Record No. 0143-08-3                                PER CURIAM
                                                            JULY 8, 2008
ROANOKE CITY
    DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

(Joseph F. Vannoy, on brief), for appellant. Appellant submitting on
brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson,
Assistant City Attorney; L. Brad Braford, Guardian *ad litem* for the
minor child; L. Brad Braford, P.C, on brief), for appellee. Appellee
and Guardian *ad litem* submitting on brief.


On December 21, 2007, the trial court entered an order terminating the residual parental

rights of Sue Ann Bowman (appellant) to her son, F.A., pursuant to Code § 16.1-283(B) and Code

§ 16.1-283(C)(2).[1] On appeal, appellant contends the evidence did not prove termination was in

F.A.'s best interests. Finding no error, we affirm the trial court's decision.

---

[*] Judge Fitzpatrick took part in the consideration of this case prior to the effective date of
her retirement as senior judge on July 1, 2008 and thereafter by designation pursuant to Code
§ 17.1-400 (D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In the conclusion of appellant's brief, she appears to argue the evidence did not support
a termination under Code § 16.1-283(C)(1). However, we need not consider this issue because
the trial court did not terminate appellant's parental rights under Code § 16.1-283(C)(1).

FACTS

"[C]lear and convincing evidence that the termination [of residual parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan, 13 Va. App. at 128, 409 S.E.2d at 462.

F.A. was born to appellant on March 27, 1998. His father is deceased.

Prior to September 29, 2005, the Roanoke City Department of Social Services (DSS) had provided appellant with in-home counseling services and psychiatric treatment for F.A. However, appellant fired the service providers, which included several counselors and psychiatrists. F.A.'s previously violent behavior had escalated to preparing to act upon suicidal ideations. Two years previously F.A. had attempted suicide. However, appellant continued to refuse further services for herself and F.A.

On August 23, 2006, Dr. Richard Claytor, a psychiatrist who had treated F.A., noted that the child's acting out was extremely dangerous and self-harm could be imminent. Appellant reported she could not maintain a safe environment for F.A. As a result, DSS removed F.A. from the home on August 24, 2006.

F.A. immediately was placed into care at Virginia Baptist Hospital for stabilization of his suicidal ideations. F.A. had been diagnosed with ADHD, depression, anxiety, and post-traumatic stress disorder. F.A. was transferred to Harvest Ministries on September 9, 2006. In November 2006, F.A. was placed in The Bridges Facility in Lynchburg, and he remained there at the time of the termination hearing on November 28, 2007.

While at Bridges, F.A. received a variety of counseling and therapies, and had made progress in his behavior. F.A. was learning how to function in school and with his peers. He had developed a connection with Helen Smith, his counselor. F.A. showed interest in the goals that had been set for him and his progress toward them. F.A. would likely remain there until February of 2008, when he would move to a group home of his own choosing.

Tricia Thornburg, a clinical psychologist, performed an evaluation of appellant on July 12, 2006. From a prior marriage, appellant had two children who were in the custody of their father and whom appellant had not seen for eight to nine years. An IQ test placed appellant in the mildly mentally retarded category. Appellant had no history of steady employment. Thornburg found appellant to be under a "remarkable degree of psychological distress" with which she was unable to cope appropriately. Appellant also suffers from attachment disorder. Thornburg described appellant as "an incompetent parent due to her psychological difficulties and intellectual deficits . . . worsened by the behavioral, developmental and emotional deficits of " F.A. Appellant had engaged in inappropriate parenting techniques, such as scaring F.A. with threats of the "boogeyman," barking and growling at him, verbally abusing him, and hitting him with a belt. An evaluation of appellant indicated she had mild mental retardation and borderline personality disorder with antisocial characteristics. Thornburg opined that appellant did not have the skills or ability to parent F.A.

Julie Allie was the social worker assigned to F.A. Appellant was required to submit to a psychiatric assessment, and then was referred for individual counseling. Appellant complained that the staff was rude to her when she visited F.A. at Harvest Ministries and that they were harming her son. Appellant twice complained that F.A. was being abused at Bridges. During appellant's visits with F.A., she advised him she was being abused herself, and imparted other information causing F.A. to be concerned for his mother's welfare. Appellant's visits caused F.A. a great deal of stress. In September 2007, appellant falsely told F.A. she was pregnant with twins and they would be born within a week.

Appellant married William Bowman on January 22, 2007. Appellant remained with Bowman for only a few weeks, then returned to live with long time paramour Quassin Al-Faisal. Thereafter, appellant repeatedly moved from one household to the other. In 2007 alone appellant moved twenty-one times.

Allie asked appellant to sign releases so Allie could verify appellant's claims that she was in counseling, but appellant repeatedly refused. Appellant also refused to sign Individual Education Plans for F.A., thus delaying his school's ability to serve his needs.

Appellant testified she was participating in counseling with Tony Ledger Abundant Life Counseling Center. Appellant said she was willing to continue to work with DSS to provide F.A. with the help he needed. Appellant was living alone in a home left to her by her stepfather and had space for F.A. to live there also. Ledger, who had met with appellant for five counseling sessions since September 6, 2007, stated that appellant was suffering from depression and under stress. Ledger had been working with appellant to relieve her panic attacks.

DISCUSSION

On appeal, appellant challenges the sufficiency of the evidence to support the termination of her parental rights.

When reviewing a decision to terminate parental rights, we presume the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). In its capacity as factfinder, therefore, the circuit court retains "broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

Toms v. Hanover Dep't of Social Services, 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005). Moreover,

In determining what is in the best interests of the child, a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

F.A. was placed in foster care due to appellant's inability to care for him, especially considering his suicidal ideations. A year later appellant had not significantly improved her parenting skills despite the many services offered to her. Thornburg testified that appellant failed to make substantial progress in her parenting skills and that her mild retardation combined with her psychological disorders make it unlikely she will improve. Appellant's inability to parent is compounded in this case due to F.A.'s special needs. Considering appellant's prior neglect that heightened the possibility F.A. would commit suicide and her current inability to parent, along with F.A.'s special parenting needs, DSS presented adequate evidence "that there is no reasonable expectation that such parent will be able to undertake responsibility for the care

needed by the child in accordance with his age and stage of development." See Code § 16.1-283(B)(2)(a).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Department of Public Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).  However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Clear and convincing evidence proved that termination of appellant's parental rights was in F.A.'s best interests.  Accordingly, we affirm the trial court's decision.

Affirmed.